UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-CV-114/1:99-CR-43 |
| | ) | *Collier* |
| JAMES JAY CAMPBELL | ) | |

## **MEMORANDUM**

Defendant James Jay Campbell ("Campbell") has filed a *pro se* motion (Court File No. 1) for post-conviction relief pursuant to 28 U.S.C. § 2255. Campbell was convicted by a jury of three counts of conspiring to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Campbell was sentenced to a prison term of 146 months.

Campbell contends the Court violated his constitutional rights when it used a preponderance of the evidence standard when determining his sentence. Consequently, argues Campbell, he is entitled to relief pursuant to *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005). Campbell contends his direct appeal was pending when *Apprendi v. New Jersey*, 530 U.S. 466 (2000) was decided and since the claim was raised on direct appeal there is no retroactivity problem. The Court has read the Sixth Circuit's decision affirming Campbell's convictions and sentence and does not find that an *Apprendi* issue was raised. Regardless of the issues Campbell raised on direct review, he is not entitled to any § 2255 relief.

Campbell contends that *Blakely v. Washington*, 124 S.Ct. 2531 (2004) (invalidating a Washington State criminal sentence because the facts supporting a sentence enhancement were neither admitted by the defendant nor found by a jury in violation of the Sixth Amendment right to a jury trial) and *United States v. Booker*, 125 S.Ct. 738 (2005) (extending the holding of *Blakely* to

the United States Sentencing Guidelines and holding the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial) require that his judgment of conviction be vacated. At this time, none of the recent cases addressing the Federal Sentencing Guidelines have been held to be retroactively applicable to cases already final on direct review.

*Blakely* was decided on June 24, 2004, and *Booker* was decided on January 12, 2005.[1] However, neither *Blakely* nor *Booker* announced that it was retroactively applicable. The Supreme Court's decision in *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004),[2] indicates that it is unlikely that *Blakely* or *Booker* will be given retroactive effect in the future. The Court's research indicates that the majority of courts who have addressed this issue have determined neither *Blakely* nor *Booker* are applicable to cases that were final prior to the Supreme Court's decision in those cases. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (The Sixth Circuit concluded that *Booker*'s rule does not apply retroactively in collateral proceedings); *In re Anderson* 2005 WL 123923 (11th Cir. Jan. 21, 2005) ("It follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, Anderson cannot show that the Supreme Court has made that decision [*Booker*] retroactive to cases already final on direct review."); *Hamlin v. United States,*

---

[1] Had the Supreme Court made *Blakely* or *Booker* retroactively applicable to cases on collateral review, it appears that Campbell's § 2255 motion would be timely, as the one-year statute of limitations would not have begun to run until the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255 (3).

[2] The Court determined that their previous decision in *Ring v. Arizona*, 536 U.S. 584 (2002) where they held that a sentencing judge sitting without a jury may not find an aggravating circumstance necessary for the imposition of the death penalty because those circumstances must be found by a jury, was a procedural rule and consequently, did not apply retroactively to death penalty cases already final on direct review.

2

2005 WL 102959 (D.Me. Jan. 19, 2005) (interpreted *Booker* to apply only to cases on direct review); *Stevens v. United States*, 2005 WL 102958 (D.Me. Jan. 18, 2005) (concluded *Booker* should not be applied retroactively to cases where the claim was not raised on direct review); *United States v. Harp*, 2004 WL 1636251 (N.D. Iowa July 22, 2004) (collateral relief requested in light of *Blakely* denied); *United States v. Traeger*, 325 F.Supp.2d 860 (N.D. Ill., 2004) (concluded *Blakely* decision did not apply retroactively). In the future, if the Supreme Court makes *Blakely* or *Booker* retroactively applicable to cases on collateral review, Campbell can make application for relief at that time. However, at this time Campbell has no viable claim under *Blakely* or *Booker*.

Neither *Blakely* nor *Booker* applies to persons such as Campbell, whose sentences became final prior to the *Blakely* and *Booker* decisions. Therefore, there has been no intervening change in the law that would require relief in this case.

To the extent Campbell is attempting to file a § 2255 motion under any other claim, his motion is untimely. From his judgment of conviction, Campbell filed his notice of appeal on March 30, 2000. The United States Supreme Court denied certiorari on October 7, 2002, rendering Campbell's judgment of conviction final on that date. Therefore, Campbell had until October 7, 2003, to file his § 2255 motion. Since Campbell filed his § 2255 motion on April 6, 2005, it is untimely. Accordingly, Campbell's § 2255 motion will be **DENIED** as time-barred.

An appropriate order will enter.

        **/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**